IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ai-Yee Liu,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　Respondents. | No. CV-25-04793-PHX-SMB (JFM)<br><br>**ORDER** |

Petitioner, through counsel, filed this 28 U.S.C. § 2241 action seeking to enjoin her imminent removal to China. (Doc. 1.) She also filed an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2.) The Court will deny the Emergency Motion for Temporary Restraining Order, Order to Show Cause, and Stay of Removal and dismiss the Petition.

**I.    Background**

Petitioner alleges she arrived in the United States in January 1995 at seventeen years of age. (Doc. 1 ¶ 19.) Upon arrival, she was placed in removal proceedings as an arriving alien. (*Id.* ¶ 20.) In March 1995, she filed an application for asylum, which was denied, and Petitioner was ordered removed. (*Id.* ¶¶ 21-23.) Her removal order was not effectuated. A motion to reopen and a petition for review in 2005 were also unsuccessful. (*Id.* ¶¶ 25-27.) After having three children in the United States, in July 2025, her twenty-one year old daughter filed a Form I-130 Petition for Alien Relative on behalf of her mother and an application for adjustment of status. (*Id.* ¶¶ 35-36.) The I-130 Petition was

approved on December 2, 2025 and Petitioner received her adjustment of status interview that same day. (*Id.* ¶¶ 38-40.) At the conclusion of the interview, ICE agents arrested Petitioner based on her outstanding removal order. (*Id.* ¶¶ 44-45.)

On December 11, 2025, Petitioner filed a complaint for mandamus relief in the Eastern District of New York seeking to compel USCIS to adjudicate Petitioner's then-pending adjustment of status application. (*Id.* ¶¶ 47.) On December 15, 2025, Judge Bulsara granted a temporary restraining order enjoining Petitioner's removal. (*Id.* ¶ 49.) That TRO expires on December 19, 2025 at 5:00 p.m. PT. (*Id.* ¶ 57.) On December 17, 2025, USCIS issued a decision denying Petitioner's adjustment of status application. (*Id.* ¶ 50.) The denial notice stated Petitioner is statutorily eligible for adjustment of status, but the agency declined to exercise its discretion and denied the application. (*Id.* ¶¶ 51-52.) The mandamus action will be denied as moot following expiration of the TRO. Petitioner alleges her removal to China is imminent and she will be separated from her husband and three children. (*Id.* ¶ 57.)

Petitioner presents four claims for relief: (1) the circumstances of the denial of her adjustment of status application violated her Fifth Amendment due process rights; (2) the failure to provide Petitioner an opportunity to present and rebut evidence violated her due process rights; (3) her detention violates 8 U.S.C. § 1231(a)(2) and 1231(a)(6); and (4) the USCIS' denial of her adjustment of status application was arbitrary and capricious in violation of the Administrative Procedure Act because the removal period expired in 1996.

**II.     Summary Dismissal**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits appended to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g.*, *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the

United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

### III.     Discussion

Habeas corpus review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Petitioner contends the denial of her adjustment of status application was arbitrary and capricious in violation of the APA. But "every Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred." *Akinmulero v. Dep't of Homeland*

---

[1] The Rules Governing Section 2254 cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

*Sec.*, 2023 WL 3058014, at *1 (W.D. Wash. Apr. 24, 2023) *see also Palacios v. Garland*, 2024 WL 3420403, at *4 (E.D.N.Y. July 8, 2024) ("Since *Patel* [Patel v. Garland, 596 U.S. 328, 338 (2022)], district courts have held that courts lack jurisdiction to review USCIS's discretionary decision to deny applications for adjustment of status outside of the removal context.") (collecting cases). The Southern District of New York's decision in *Yang v. Nolan*, 2025 WL 240966, at *5 (S.D.N.Y. Jan. 17, 2025) is instructive. It explained

> Because the decision whether to grant adjustment of status is within the discretion of the attorney general, and what consideration to give Plaintiff's "hardship" is part of that decision, § 1252(a)(2)(B) strips a district court of jurisdiction to review it. *See Abuzeid v. Mayorkas*, 62 F.4th 578, 584 (D.C. Cir. 2023) ("*Patel* precludes review of all kinds of agency decisions that result in the denial of relief — whether they be discretionary or nondiscretionary, legal or factual."); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1025 (7th Cir. 2023) (holding that under *Patel*, federal courts lack jurisdiction to review a purported legal error in an adjustment-of-status denial, except through a petition for review from a final order of removal).

As a result, Petitioner fails to state a cognizable claim for habeas corpus relief as to her claims challenging her adjustment of status application. And as to her detention claim, while Petitioner is correct that the mandatory removal period expired in 1996, her present detention is authorized under § 1231(a)(6) and any prolonged detention claim is premature. The Petition will therefore be dismissed, and the Emergency Motion for Temporary Restraining Order will be denied.

**IT IS ORDERED:**

(1) Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Emergency Motion for Temporary Restraining Order, Order to Show Cause, and Stay of Removal (Doc. 2) is **denied**.

/ / /

/ /

/

(3) All remaining motions are denied as moot and the Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 19th day of December, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge